FILED

September 30, 2016

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:40 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **DANIEL COFFEY** | ) | **Docket Nos: 2016-05-0132,** |
| **Employee,** | ) | **2016-05-0118** |
| | ) | |
| **v.** | ) | **State File Numbers: 11206-2016,** |
| | ) | **9740-2016** |
| **NISSAN NORTH AMERICA, INC.** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| | ) | |
| **SAFETY NATIONAL CAS. CORP.** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This matter came before the undersigned workers' compensation judge on September 27, 2016, on the Requests for Expedited Hearing filed by the employee, Daniel Coffey, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Coffey is entitled to medical benefits for his alleged cardiac event and hearing loss. The central legal issue is whether Mr. Coffey is likely to establish at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment and if so, whether his claim is barred for failure to give adequate notice of injury. For the reasons set forth below, the Court holds Mr. Coffey is likely to meet this burden on his hearing loss claim and is entitled to medical benefits. [1]

## History of Claim

The following facts were established at the Expedited Hearing. After working at the Nissan plant in Smyrna for some time as an employee of Yates, a Nissan subcontractor, Mr. Coffey became a Nissan employee in March 2015. He testified he

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

was working as a forklift operator on August 24, 2015, when he began having chest pain. He reported this to his lead, Benjamin Alexander, who told Mr. Coffey there were not enough people to cover for him to leave. As a result, Mr. Coffey finished his shift before reporting his chest pain to his supervisor, Tom Knoblett.

Mr. Coffey told Mr. Knoblett that he had checked his blood pressure and it was very high. Mr. Knoblett did not seem concerned, so Mr. Coffey went to a walk-in clinic, which sent him to the emergency room.

Records from StoneCrest Medical Center show that Mr. Coffey went to the emergency room on August 24, 2015, with complaints of chest pain. He reported a history of high blood pressure but he had been non-compliant in taking his blood pressure prescription for the previous year. He also stated he had chest pain on his other side about a week earlier, although it had resolved. The attending physician, Dr. James Davidson, after reviewing an EKG and an x-ray, diagnosed hypertension and atypical chest pain. He found Mr. Coffey to be "at relatively low risk" and suggested a stress test and a gall bladder ultrasound. After administering an IV, Dr. Davidson found Mr. Coffey's condition improved and discharged him. (Ex. 8 at 1-10.)

After leaving the emergency room, Mr. Coffey notified Mr. Knoblett that the doctor had taken him off work for the next day. He gave Mr. Knoblett a copy of the doctor's note when he returned to work a couple of days later.

Mr. Coffey also claims to have suffered hearing loss while working for Nissan. He testified that he had a hearing test in August 2014 (while he was working for Yates), which showed mild hearing loss in his left ear. He also had some ringing in his ear. He provided this documentation to his previous supervisor, Donnie Jordan, who did not offer any additional treatment or evaluation.

Mr. Coffey testified he reported his hearing loss and a significant increase in the ringing in his ears to Mr. Knoblett in October 2015. He repeated this notice to Mr. Knoblett in January 2016 and asked to go to the doctor. Mr. Knoblett did not offer him any treatment or evaluation.

Mr. Coffey subsequently took FMLA leave to care for his ailing father. Nissan terminated Mr. Coffey's employment on May 5, 2016, before he returned to the job. His last date worked was February 4, 2016. Because he was without health insurance for a time, he has not sought treatment on his own.

Nissan submitted two affidavits executed by Thomas Knoblett. He stated he was Mr. Coffey's supervisor on both of the alleged injury dates. Regarding both alleged injuries, he stated, "To my recollection, Mr. Coffey did not report this condition as a work related injury. If Mr. Coffey had reported this condition as a work related injury, an

2

Employee/Manager Medical statement would have been completed and Mr. Coffey would have been sent to the on-site medical clinic." He further stated Mr. Coffey did not request medical treatment for the claimed work-related injuries or comply with Nissan's injury reporting rules. (Ex. 9.)

Mr. Coffey filed a Petition for Benefit Determination seeking medical and temporary disability benefits. When the parties did not resolve the disputed issues through mediation, the Mediating Specialist filed a Dispute Certification Notice, and Mr. Coffey filed a Request for Expedited Hearing.

At the Expedited Hearing, Mr. Coffey confirmed he was not seeking temporary disability benefits at this time. He asserted he is entitled to medical benefits because he gave clear and repeated notice of his problems to Mr. Knoblett, who simply refused to report the injuries or provide any treatment. He requested payment of the emergency room bills arising from his chest pain. He also seeks evaluation and possibly treatment of his hearing loss and the ringing in his ears.

Nissan countered that Mr. Coffey is not entitled to any workers' compensation benefits. It argued that it received no notice of either condition until Mr. Coffey filed the PBDs in February 2016. As this does not meet the statutory notice requirements, Mr. Coffey's claim is barred.

In the alternative, Nissan contended Mr. Coffey has not met his burden of establishing that either injury arose primarily out of and in the course and scope of his work with Nissan, because he submitted no medical opinions addressing causation. It also noted that the left-ear hearing loss was identified in August 2014, several months before Mr. Coffey became a Nissan employee, and that Mr. Coffey was exposed to loud noises at his prior jobs. It pointed to a lack of evidence that Mr. Coffey's work at Nissan worsened the condition. It further contended that Mr. Coffey failed to identify a specific incident or stressor as the cause of his chest pain, and pointed out several possible outside factors, such as family stress and high blood pressure.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Mr. Coffey need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1)(2015).

To prove a compensable injury, Mr. Coffey must show that his alleged injury

3

arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2015). To do so, he must show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

Applying these principles to the facts of this case, the Court cannot find at this time that Mr. Coffey appears likely to meet his burden of proving a compensable injury. Neither party submitted any medical opinions addressing the cause of Mr. Coffey's condition. Absent such an opinion, Mr. Coffey cannot prove "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Because Mr. Coffey only seeks medical expense reimbursement for his chest pain claim, this finding precludes any award of benefits at this time. However, additional analysis is required for Mr. Coffey's request for treatment in his hearing loss claim.

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015) provides:

The injured employee shall accept the medical benefits afforded under this section; provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community or, if not so available, in accordance with subdivision (a)(3)(B), from which the injured employee shall select one (1) to be the treating physician.

Further, an employee does not have to prove compensability in order to establish the employer is obligated to provide a panel of physicians from which the employee may choose an authorized physician. In *McCord*, the Workers' Compensation Appeals Board found that:

[W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

4

*McCord* at *16, 17.  Thus, the question is whether Mr. Coffey has provided sufficient evidence to satisfy his "burden at this interlocutory stage" that he is entitled to a panel of physicians.

The administrative rules governing an employer's obligation to provide a panel state, "[u]pon notice of any workplace injury, other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury."  Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015).  An employer who fails to comply with this rule without good cause could be assessed a civil penalty of up to $5,000.  *Id.*

The Court finds Mr. Coffey reported to Nissan that his hearing and the ringing in his ears was getting worse, and he attributed these problems to workplace noise.  Based on the foregoing authority, this entitled him to a panel of physicians, which Nissan failed to provide.

Nissan's notice defense is unpersuasive.  Mr. Knoblett's affidavit testimony that Mr. Coffey did not report this condition as a work related injury or request treatment is somewhat equivocal, insofar as he prefaces his statement with, "to my recollection," which infers some uncertainty as to the actual events.  The Court had an opportunity to observe Mr. Coffey and finds that he appeared steady, forthcoming, reasonable and honest, which characteristics, according to the Tennessee Supreme Court, are indicia of reliability. *See Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014).  He consistently testified, both live and in his affidavit, that he repeatedly told his supervisors about his hearing condition.

Further, the Court notes that Mr. Coffey is not alleging a single event as the cause of his ear problems, but attributes them to his daily exposure to noise at work.  As a gradual injury, Mr. Coffey's claim is governed by Tennessee Code Annotated section 50-6-201(b) (2015), which provides,

> In those cases where the injuries occur as the result of gradual or cumulative events or trauma, then the injured employee . . . shall provide notice of the injury to the employer within thirty (30) days after the employee:
>
> (1) Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment; or
>
> (2) Is rendered unable to continue to perform the employee's normal work activities as the result of the work-related injury and the employee knows or reasonably should know that the injury was caused by work-related

5

activities.

Subsection (2) is inapplicable to Mr. Coffey because his hearing difficulties did not render him unable to perform his normal work. As to subsection (1), because Mr. Coffey has not received any medical evaluation or treatment for his hearing problems since becoming a Nissan employee, there is no evidence suggesting he has any permanent physical impairment resulting from a work-related injury, much less that he knew or should have known about it. Therefore, Nissan's receipt of Mr. Coffey's PBD was sufficient notice, as his last date of exposure to the noise at work was February 4, 2016, and he filed the PBD for his hearing claim on February 16, 2016, fewer than thirty days later.[2]

Therefore, the Court finds Mr. Coffey provided sufficient evidence to satisfy his burden at this interlocutory stage that he is entitled to a panel of physicians. Nissan is ordered to provide a panel of physicians from which Mr. Coffey may choose an authorized physician for evaluation and, if necessary, treatment of his alleged hearing injuries in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015).

**IT IS, THEREFORE, ORDERED** as follows:

1. Nissan or its workers' compensation carrier shall provide Mr. Coffey with medical treatment for any work-related hearing injuries as required by Tennessee Code Annotated section 50-6-204 (2014), to be initiated by Nissan or its workers' compensation carrier providing Mr. Coffey with a panel of physicians as required by that statute. Medical bills shall be furnished to Nissan or its workers' compensation carrier by Mr. Coffey or the medical providers.

2. Mr. Coffey's request for reimbursement of his medical expenses related to his chest pain claim is denied at this time.

3. This matter is set for an Initial (Scheduling) Hearing on November 29, 2016, at 9:00 a.m.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the**

---

[2] The Court also notes Nissan failed to put on any proof showing it was prejudiced in any way by the alleged delay in receiving notice of Mr. Coffey's alleged injury.

**necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 29th day of September, 2016.**

_Dale Tipps_
_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims.  You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note:  <u>You must call in on the scheduled date/time to participate.</u>  Failure to call in may result in a determination of the issues without your further participation.  All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board.  To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **<u>filing fee in the amount of $75.00.</u>**  Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment.  Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or

7

other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavits of Daniel Coffey
2. Medical bills and account statements – Identification Only
3. StoneCrest aftercare instructions – Identification Only
4. StoneCrest prescriptions
5. StoneCrest work excuse
6. Nissan payroll stub
7. Copies of text messages – Identification Only
8. Indexed medical records from StoneCrest
9. Affidavits of Thomas Knoblett
10. C-32 Notice of Denial Forms
11. C-41 Wage Statements
12. Employment application
13. Job Offer
14. Page 38 of Nissan Employee Handbook
15. Copy of text message dated August 24
16. Mr. Coffey's discovery responses
17. Hearing Evaluation letter of August 7, 2014
18. Concentra Medical Examination Report – Identification Only

Technical record:[3]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 30th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Daniel Coffey | | | X | Coffeybean24@gmail.com |
| Thomas Tucker | | | X | tomtucker@bellsouth.net |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**